Susan J. Olson, SBN 152467
E-mail: susan.olson@bullivant.com
C. Todd Norris, SBN 181337
E-mail: todd.norris@bullivant.com
BULLIVANT HOUSER BAILEY PC
601 California Street, Suite 1800
San Francisco, California 94108-2823
Telephone:   (415) 352-2700
Facsimile:   (415) 362-2701

Attorneys for Plaintiff the Board of Trustees
for the Laborers Health and Welfare Trust
Fund For Northern California

E-filing

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| The BOARD OF TRUSTEES for the LABORERS HEALTH AND WELFARE TRUST FUND FOR NORTHERN CALIFORNIA,<br><br>Plaintiff,<br><br>v.<br><br>JEANNE L. HILL, an individual, and DOES 1-10, inclusive,<br><br>Defendants. | CV 07 5849<br><br>COMPLAINT FOR EQUITABLE RELIEF UNDER ERISA |

Now comes Plaintiff the Board of Trustees for the Laborers Health and Welfare Trust Fund for Northern California ("Trust Fund"), and for its causes of action against Defendant Jeanne L. Hill ("Defendant"), alleges as follows:

**JURISDICTION AND VENUE**

1. This court has original jurisdiction over the claims alleged herein under Title I of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 et seq.,

– 1 –

as amended, and this action is brought by plaintiff with regard to the matters herein alleged and to obtain appropriate equitable relief pursuant to ERISA.

2. This court has subject matter jurisdiction over this matter pursuant to ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1).

3. Plaintiff brings this action as a fiduciary under ERISA §502(a)(3)(B)(ii) to enforce the terms of an ERISA plan.

4. Venue lies in the Northern District of California pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2) because the subject ERISA plan is administered in this district.

## I. THE PARTIES

5. At all times relevant hereto, the Trust Fund has been and continues to be a private, multi-employer health and welfare trust fund organized under and pursuant to §§302(c)(5) and 302(c)(6) of the Labor Management Relations Act of 1974, as amended, 29 U.S.C. §186(c)(5) and 186(c)(6). The Trust Fund was created by written trust agreements through collective bargaining, and it is an employee benefit plan subject to and pursuant to §502(d)(1) and §§3(3), 3(37) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§1002(3) and 1002(37). The Trust Fund is funded by monetary contributions from employers signatory to collective bargaining agreements. At all material times hereto, said employer contributions and documents required in connection therewith are submitted to, and all benefits are paid out of, an account managed by, a bank located in the City and County of San Francisco, State of California.

6. Plaintiff is authorized to bring suit on behalf of the Trust Fund pursuant to, among other things, the trust agreement establishing the Trust Fund, plan documents, and §502(b)(1) of ERISA, 29 U.S.C. §1132(d), and 29 U.S.C. §1451(a). The Board of Trustees is charged with the duty to conserve the assets of the Trust Fund and to exclusively use those assets for administration of the employee benefit plan and for provision of benefits to participants and their dependents under the terms of such plan. The Board of Trustees sues here on behalf of Trust Fund to carry out its fiduciary duty, to protect those assets, and to enforce the

terms of a contract for the recovery of funds advanced on behalf of Defendant and Defendant's dependent pursuant to said contract.

7. Plaintiff is informed and believe, and upon that ground alleges, that at all times material hereto, Defendant Jeanne L. Hill was and is an individual residing in the County of Shasta, State of California, who has been employed as a laborer. By virtue of her employment with employers signatory to the collective bargaining agreements and trust agreement by which the Trust Fund and employee benefit plan is maintained, Defendant has been a participant in the Trust Fund's Health and Welfare Plan.

8. The true names and capacities, whether individual, corporate or otherwise of Defendants Does 1-10 are currently unknown to Plaintiff who therefore sues them by such fictitious names, and Plaintiff will amend this Complaint to show their true names and capacities when ascertained. Plaintiff is informed and believes, and on that ground alleges, that each of Does 1 through 10 is legally responsible and liable to Plaintiff for the claims set forth herein.

## II. GENERAL ALLEGATIONS

9. Plaintiff is informed and believes, and upon that ground alleges, that on or about December 10, 2002, while Defendant was a participant in the Trust Fund's Health and Welfare Plan, Defendant was hospitalized for a surgical procedure ("Initial Surgery").

10. Plaintiff is informed and believes, and upon that ground alleges, that on or about December 27, 2002, Defendant was again hospitalized for surgery due to complications arising from the Initial Surgery ("Second Surgery").

11. Trust Fund paid benefits on behalf of Defendant covering her medical, hospital, transportation, and related expenses pursuant to Article X, Section 8 of the Health and Welfare Plan, which provides as follows:

> If an Eligible Individual has an illness, injury, disease or other condition for which a third party may be liable or legally responsible by reason of an act or omission, or insurance coverage of such third party, the Fund will have an automatic lien upon any recovery against the third party for benefits paid by the Fund as a result of such illness, injury, disease or other condition. All Eligible Individuals, as a condition precedent to entitlement to benefits from the Fund, must agree in writing to reimburse the Fund for any payments made by the Fund on account of hospital, medical or other expenses in connection with, or arising out of, that injury, illness, disease or other condition. The reimbursement will be made out of any proceeds received by way of judgment, arbitration award, settlement or otherwise in connection with, or arising out of, any claim for a right to damages by the Eligible

Individual against the third party, his insurance carrier, guarantor or other indemnitor, or by reason of uninsured or under-insured motorist coverage of the Eligible Individual, or any other source of third party recovery. The agreement will require all Eligible Individuals to prosecute the claim for damages diligently; to give priority to the reimbursement of the Fund in the allocation of the proceeds of any recovery, to cooperate and assist the fund in obtaining reimbursement for the payments, to execute any documents necessary to secure reimbursement; and to refrain from any act or omission that might hinder such reimbursement, and may contain any other provision as the Fund may reasonably require.

12. To date, Trust Fund has paid a total of not less than $167,767 in benefits on behalf of Defendant in connection with the Second Surgery.

13. Plaintiff is informed and believes, and upon that ground alleges, that Defendant understood and agreed that said medical benefits were paid by Trust Fund on Defendant's behalf pursuant to the terms and conditions of the Health and Welfare Plan, including the reimbursement condition alleged in paragraph 11 herein.

14. Pursuant to the Health and Welfare Plan, the Trust Fund has an automatic lien in the amount of not less than $167,767 against any third party recovery by Defendant.

15. Plaintiff is informed and believes, and upon that ground alleges, that Defendant is actively pursuing, or has received a monetary recovery in connection with, a lawsuit against one or more third parties for personal injuries sustained as a result of the Second Surgery.

16. The Trust Fund has performed all conditions, covenants and promises on its part to be performed in accordance with the terms and conditions of the Health and Welfare Plan.

17. Defendant has refused to acknowledge the Trust Fund's lien and has materially violated the Health and Welfare Plan by failing to honor the Trust Fund's lien and to otherwise cooperate with the Trust Fund in obtaining reimbursement for benefits paid by the Trust Fund on Defendant's behalf. Defendant lacks the power to unilaterally modify the terms of the Health and Welfare Plan by failing to comply with her obligations under the Health and Welfare Plan.

18. Defendant has become indebted to Plaintiff as Trustee of the Trust Fund, in an amount of not less than $167,767 and according to proof at trial.

COMPLAINT FOR EQUITABLE RELIEF UNDER ERISA

19. Defendant should be barred and estopped from refusing to honor the Trust Fund's lien and from otherwise objecting to making her required payments to the Trust Fund from any third party recovery she obtains or has obtained.

20. Plaintiff has been compelled to retain legal counsel to file and prosecute the within action. The amount of the Plaintiff's attorneys' fees is presently unknown. Plaintiff will request leave of court to amend this complaint to allege the amount of attorneys' fees incurred herein at the time of trial. As a further direct and proximate cause of said breach of contract, Plaintiff has incurred, suffered and sustained damages as set forth hereinbefore and hereinafter.

## FIRST CLAIM FOR RELIEF

### (Equitable Restitution Under ERISA §§ 502(a)(3))

21. Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 20 above.

22. By virtue of the foregoing, and under ERISA §§ 502(a)(3), 29 U.S.C. §§ 1132(a)(3), Plaintiff is entitled to reimbursement and restitution from Defendant for an amount of not less than $167,767, according to proof at trial.

23. Under ERISA § 502(g)(1), 29 U.S.C. § 1132(g)(1), Plaintiff is entitled to recovery of reasonable attorneys' fees and costs incurred in connection with this action.

## SECOND CLAIM FOR RELIEF

### (Imposition Of A Constructive Trust)

24. Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 23 above.

25. In violating her duties to the Plan, Defendant wrongfully gained an amount of not less than $167,767, according to proof at trial. By reason of Defendant's indebtedness to Plaintiff as Trustee of the Trust Fund, and by reason of the Trust Fund's automatic lien, such profits exist in the hands of Defendant even though they rightfully belong to Plaintiff.

26. Plaintiff has a right to such profits and seeks imposition of a constructive trust on the profits and a declaration that Defendant holds the profits as a constructive trustee for the benefit of Plaintiff as Trustee for the Trust Fund.

## THIRD CLAIM FOR RELIEF

### (Unjust Enrichment)

27. Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 26 above.

28. In violating her duties to the Plan, Defendant wrongfully gained an amount of not less than $167,767, according to proof at trial. By reason of Defendant's indebtedness to Plaintiff as Trustee of the Trust Fund, and by reason of the Trust Fund's automatic lien, such profits exist in the hands of Defendant even though they rightfully belong to Plaintiff.

29. To permit Defendant to retain such proceeds, interest, and profits would be to sanction fraud, inequitable and wrongful conduct. Plaintiff should therefore have judgment against Defendant in the amount that Defendant has been unjustly enriched, which amount is not less than $167,767, plus interest and profits, according to proof at trial.

**WHEREFORE**, Plaintiff prays for judgment as follows:

1. For restitution in an amount of not less than $167,767, plus interest and profits, according to proof at trial;

2. For a declaration that Defendant holds, as a constructive trustee for Plaintiff, not less than $167,767, plus interest and profits, according to proof at trial;

3. For the imposition of a constructive trust on Defendant's assets in an amount of not less than $167,767, plus interest and profits, according to proof at trial;

4. For all other allowable interest as provided by law, including prejudgment interest;

5. For attorneys' fees and costs of suit herein; and

///
///
///
///
///
///

- 6 -
COMPLAINT FOR EQUITABLE RELIEF UNDER ERISA

6. For such other and further relief as the Court may deem proper.

DATED: November 16, 2007

                                       BULLIVANT HOUSER BAILEY PC

                                       By _____
                                            Susan J. Olson
                                            C. Todd Norris

                                            Attorneys for Plaintiff the BOARD OF TRUSTEES For The LABORERS HEALTH AND WELFARE TRUST FUND FOR NORTHERN CALIFORNIA

6088974.1