**John P. Kelley #168904**

LAW OFFICES OF

**HALKIDES, MORGAN & KELLEY**

833 MISTLETOE LANE

POST OFFICE DRAWER  492170

REDDING, CALIFORNIA 96049-2170

(530) 221-8150

FAX  (530) 221-7963

John@Reddinglaw.com

Attorneys for Defendant
JEANNE L. HILL

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| THE BOARD OF TRUSTEES for the LABORERS HEALTH AND WELFARE TRUST FUND FOR NORTHERN CALIFORNIA, | Case No. 07-5849 CW |
| | [Fed. R. Civ. P., Rule 12(b)(6)] [Fed. R. Civ. P., Rule 12(f)] |
| Plaintiff. | NOTICE OF MOTION AND MOTION TO DISMISS THE COMPLAINT OR IN THE ALTERNATIVE TO STRIKE PORTIONS OF THE COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF |
| v. | |
| JEANNE L. HILL, an individual and DOES 1-10, inclusive, | DATE:    January 31, 2008 TIME:    2:00 p.m. DEPT:    Courtroom 2/4th Floor-Oakland |
| Defendants. _____/ | JUDGE:  Claudia Wilken |

TO PLAINTIFF AND THEIR ATTORNEY OF RECORD, NOTICE IS HEREBY GIVEN that on January 31, 2008, at 2:00 p.m., in Courtroom 2 on the fourth floor of the Oakland Courthouse, located at 1301 Clay Street, Oakland, California, Defendant will and hereby does move for dismissal in its entirety or in the alternative for dismissal and/or striking of each of the causes of action in the complaint.

This motion is made on the grounds that the complaint, and each of the causes of action stated therein, fail to state a cause of action as a matter of law.  Specifically, the entire matter is barred pursuant to the make whole doctrine, the second cause of action is not a cause of action but simply a prayer for relief and the third cause of action for unjust enrichment is not available in ERISA cases.

This motion is based on this notice of motion, the memorandum of points and authorities set forth below, the request for judicial notice of the case *Totten v. Hill* (2007) 154 Cal.App.4th 40, and whatever oral and documentary evidence is presented at the time of the hearing.  Wherefore, Defendant Hill requests this motion be granted, the complaint be dismissed in its entirety or in the alternative that each of the causes of action contained in the complaint be dismissed.

DATED:  December 21, 2007                    HALKIDES, MORGAN & KELLEY


                                      BY:   /s/ JOHN P. KELLEY
                                            JOHN P. KELLEY
                                            Attorney for Defendant
                                            JEANNE L. HILL


## **MOTION TO DISMISS**

Defendant HILL requests the Court to dismiss each and every cause of action in the complaint on the following grounds:

1.  The entire complaint is barred pursuant to the make whole doctrine.  It has already been litigated that Defendant Hill did not received any compensation for medical bills in her underlying medical malpractice lawsuit and therefore, there are no "excessive" funds for Plaintiff to obtain.

2

2.  The second cause of action is seeking the imposition of constructive trust, but this is only a prayer for relief, not a separate legal cause of action and therefore improper.

3.  The third cause of action in the complaint for unjust enrichment is improper as Plaintiff exceeds statutory remedies pursuant to ERISA.

DATED:  December 21, 2007          HALKIDES, MORGAN & KELLEY


                                  BY:   /s/ JOHN P. KELLEY_____
                                        JOHN P. KELLEY
                                        Attorney for Defendant
                                        JEANNE L. HILL


## MEMORANDUM OF POINTS AND AUTHORITIES

## IN SUPPORT OF MOTION TO DISMISS

### I.

### INTRODUCTION

This is Plaintiff's second attempt to try and rob Defendant Hill of the settlement proceeds she obtained in a medical malpractice lawsuit.  In her medical malpractice lawsuit, Defendant Hill settled her case for $230,000.00.  This amount represented compensation for only pain and suffering and lost wages.  There was no recovery for medical bills.  Despite the fact Defendant Hill did not receive one cent for medical bills from her settlement, Plaintiff sued Defendant Hill in state court for breach of contract.  In that state case, Plaintiff claimed Defendant Hill had breached the lien provision of her health insurance coverage by failing to reimburse the Trust from the proceeds of her medical malpractice lawsuit.  That state case was dismissed on

summary judgment after it was shown Defendant Hill did not receive any compensation for medical bills in her medical malpractice lawsuit, and state law (specifically MICRA) barred the Plaintiff's action.  Plaintiff's appealed and lost.  The Appellate Court threw the case out for lack of subject matter jurisdiction.  (See *Totten v. Hill*  (2007) 154 Cal.App.4th 40.)  Apparently dissatisfied with the state court's thwarting of its attempt to steal from Defendant Hill, Plaintiff has filed this second action in Federal Court.

The current federal case has three causes of action; equitable restitution under ERISA, imposition of a constructive trust, and unjust enrichment.  However, as will be shown below, Defendant Hill has never received any compensation for medical bills paid for by Plaintiff or anyone else.  Pursuant to the "make whole" doctrine, adopted by the Ninth Circuit, the settlement Defendant received in state court, for pain and suffering and lost wages only, does not leave any "excess" for Plaintiff to recover. Therefore the case should be dismissed.   Plaintiff's second cause of action fails because it is for imposition of a constructive trust and this is a remedy, not a form of substantive relief.  Finally, as to the third cause of action, Plaintiff has already sued for a specific remedy under ERISA, there is no need to create a federal common law cause of action such as unjust enrichment to allow Plaintiff to seek reimbursement. Pursuant to the following, Defendant requests this 12(b)(6) motion and 12(f) motion be granted and Plaintiff's complaint be dismissed.

## II.

## **FACTS**

This case arises from a surgery performed in December, 2002, on Defendant Hill by Marshall Hall, M.D.  As a result of the surgery and injuries sustained during it, Defendant Hill instituted a medical malpractice case against her doctor.  She settled her case in December, 2004, for $230,000.00.  This figure represented compensation

for lost wages and pain and suffering only.  No amount was received for medical bills. Defendant Hill's overall medical bills were almost $400,000.00, of which Plaintiff paid $167,767.40.  (See *Totten v. Hill* (2007) 154 Cal.App.4th 40, 44, for which judicial notice is requested.)

After the medical malpractice settlement was concluded, Plaintiff attempted to force Defendant Hill to pay them the amount which they had expended for Defendant Hill in medical bills.  When Defendant Hill refused, Plaintiff initiated litigation in the Superior Court of San Francisco for breach of contract.  This lawsuit was dismissed by way of motion for summary judgment as the Trial Court found MICRA, California Civil Code section 3333.1, precluded the litigation.  Plaintiff appealed to the First District Court of Appeal.  In a published decision, the Court of Appeal dismissed the litigation for lack of subject matter jurisdiction.  The Court found a ERISA trust, such as Plaintiff, could not bring a state law breach of contract cause of action as ERISA provided the exclusive remedies available to them.  (*Id*. at 50-54.)  Having lost in state court, Plaintiff now attempts recovery in Federal Court.

The current complaint alleges Plaintiff had been and continues to be a private, multi-employer health and welfare trust fund organized pursuant to sections 302(c)(5) and 302(c)(6) of the Laborer Management Act of 1974, as amended, 29 U.S.C. § 186(c)(5) and 186(c)(6).  The fund was created by written trust agreements through collective bargaining and it is an employee benefit plan subject to and pursuant to section 502(d)(1) and sections 3(3), 3(37) of the Employee Retirement Income Security Act of 1974 (ERISA), as amended, 29 U.S.C. sections 1002(3) and 1002(37).  (See paragraph 5 of the complaint.)

The complaint also alleges Defendant Hill was, by virtue of her employment, part of the Collective Bargaining Agreement the Trust Fund provided employee

benefits to.  (See paragraph 7.)  While Defendant Hill was a participant in the fund, she had surgery on December 10, 2002.  However, due to medical malpractice, Defendant Hill underwent subsequent hospitalizations, surgeries, and other treatment. (Paragraph 9 and 10.)  The Fund paid benefits on behalf of Defendant Hill covering some medical expenses.  Pursuant to the Trust Fund plan, the Trust Fund had filed a lien for these expenses against any recovery received from a third party.   (See paragraph 11.)   Finally, Plaintiff contends Defendant Hill has actively received or is actively pursuing monetary recovery in connection with her third party lawsuit and has refused to acknowledge the Trust Fund lien.  The Trust alleges Defendant Hill has breached the Trust Fund's contract.  (See paragraphs 15 through 17.)

### III.

### LEGAL ARGUMENTS

Federal Rules of Civil Procedure, Rule 12(b)(6) provides for a motion to dismiss based on a complaint's failure to state a cause of action.  Rule 12(f) provides for a motion to strike improper or irrelevant matters.  To prevail on a Rule 12(b)(6) motion to dismiss, the defect must be on the face of the complaint or in matters capable of judicial notice.  (See *MGIC Indemnity Corp v. Weisman* (1986) 803 F.2d 500, 504 and *Arpin v. Santa Clara Transp.* (2001) 261 F.3d 912, 925.)  Defendant Hill brings the current motion pursuant to Rule 12(b)(6) and 12(f) to dismiss the entire complaint or in the alternative each cause of action.

///

///

///

///

///

**IV.**

**THE ENTIRE COMPLAINT SHOULD BE DISMISSED**

**AS IT FAILS TO STATE FACTS SUFFICIENT**

**TO CONSTITUTE A CAUSE OF ACTION**

Plaintiff's first cause of action is for equitable restitution.  Plaintiff's second cause of action is for the imposition of a constructive trust, and their third cause of action is for unjust enrichment.  As Defendant Hill was **not** been fully compensated for her injuries, pursuant to the make whole doctrine, these causes of action are without merit. Defendant Hill has received no compensation for her medical expenses.  As a result she is under no duty to reimburse Plaintiff pursuant to the contract or any other theory.

ERISA's enforcement provisions, found at 29 U.S.C. § 1132 allows only for equitable claims.  It is well established legal claims such as those for breach of contract are not allowed under ERISA.  (See *Sereboff v. Mid-Atlantic* (2006) 126 S.Ct. 1869, 1873.)  However, *Sereboff* does allow claims for equitable restitution by a plan in situations where a beneficiary received plan benefits and the beneficiary later recovered from a third party tort feasor.  (*Id* at 1878.)  Monetary damages are not available under ERISA; under ERISA equitable restitution in the form of a constructive trust is available.  However, the beneficiary is liable only for his or her profit, not for the plans loses.  (*Livick v. Gillette* (Mass 2007) 492 F.Supp.2d 1, 10.)

The Circuits are currently split on whether the "make whole" doctrine applies under ERISA.  The First, Fourth, Fifth and Eighth Circuits have declined to adopt the make whole doctrine as a default in an ERISA case.  However, the Sixth, **Ninth**, and Eleventh have adopted the make whole doctrine as the default position.

The make whole doctrine essentially states before an insurance company can recover monies expended for health care, the insured plan beneficiary must be made

whole.  In other words, an insured who has settled with a third party tort feasor is liable to the insurer for only any excess received over the amount of personal loss.  (See *Cagle v. Bruner* (11th Cir. 1997) 112 F.3d 1510, 1520.)

The Courts that have adopted the make whole doctrine look to the language of the contract between the insured and the plan to determine whether the doctrine applies.  To opt out, the plan must have specific language creating priority of its lien. (See *Copeland Oaks v. Haupt* (6th Cir. 2000) 209 F.3d 811, 813.)  The Ninth Circuit has adopted the make whole doctrine as the default.   In *Barnes v. Independent Automotive Dealer's Association of California Health and Welfare Benefits Plan* (9th Cir. 1995) 65 F.3d 1389, 1393, the Court considered a plan stating "if this plan makes a payment which the employee…is or may be entitled to recovery against any person…responsible for the accident or illness, this plan is subrogated too all rights of recovery to the extent of its payments…"   The plan continued by requiring the employee to do whatever was necessary to protect the plan's rights.  The Ninth Circuit held this was **general language and not sufficient enough to opt out of the make whole doctrine.**  (*Id.* at 1395-1396)

In *Cagle,* 112 F.3d at 15313, the Court considered the agreement to "reimburse the plan" from any recovery received.  The Court held this was not specific enough to override the make whole doctrine.  (*Id.* at 1522.)  In *Copeland Oaks,* 209 F.3d at 815, the Court considered a plan stating in essence the plan has an automatic assignment of any recovery against a third party and, as a condition to payment of medical benefits, the employee must assign rights of recovery.  The Court held this language was insufficient to override the make whole rule.  (*Id.* at 815.)

In *Providence Health Systems-Washington v. Bush* (W.D.Wash. 2006) 461 F.Supp.2d 1226, 1234, the Court considered a plan stating where a third party is

"legally responsible or agrees to compensate you for your injuries…, you will need to reimburse the plan for up to 100% of any benefits" received.  The Court held the plan language did not even contain a "suggestion" the employee was waiving the make whole rule.  (*Id.* at 1235.)  The Court noted an unpublished decision providing the specific language necessary to defeat a presumption of the make whole doctrine applying.  (See *Everidge v. Benefit Recovery Inc.* (D. AZ. 2006) 2006 W.L. 205, 2696.)

In the present case, Plaintiff's contract language, found in paragraph 11 of the complaint, provides for an automatic lien upon any recovery from a third party.  The Plan also requires restitution be made from any recovery and the employee must cooperate with the Plan in prosecuting the underling claim and execution of documents supporting reimbursement.

This language is very similar to *Barnes, Cagle, Copeland Oaks,* and *Providence Health* that merely creates an automatic lien on any recovery from a third party.  Based on cited case law, this policy language is not sufficient to opt out of the make whole doctrine.

This does not end the injury.  Ms. Hill must also show she did not obtain "excess" funds.  The facts contained in the California Appellate Court opinion of *Totten v. Hill*, supra, states Ms. Hill's medical bills were almost $400,000.00, but her recovery in the medical malpractice suit was for pain and suffering and lost wages **only, there was no recover of medical bills.**  Pursuant to the make whole doctrine, the Plan is only entitled to the excess after providing Defendant Hill with complete compensation for her injury.  As the Appellate Court decision states, Defendant Hill only received compensation for pain and suffering and lost wages, there is no "excess" for the Plaintiff here to recover.  Pursuant to Rule 12(b)(6), this motion should be granted as

under any theory advanced by Plaintiff in its complaint, Defendant did not obtain any "excess" for the Plan to recover.

**V.**

**THE NINTH CIRCUIT DOES NOT PERMIT A CAUSE OF ACTION FOR UNJUST ENRICHMENT IN ERISA CASES**

It is unclear whether Plaintiff's third cause of action for unjust enrichment is proceeding pursuant to a state law cause of action for unjust enrichment.  Clearly, such a cause of action would be preempted by ERISA.  (See 29 U.S.C. § 1144 and *United Food and Commercial Workers and Employees v. Pacyga* (9th Cir. 1986) 801 F.2d 1157.)  To the extent Plaintiff is proceeding under a federal common law cause of action for unjust enrichment, this is not allowed.  The Ninth Circuit, in *Pacificare Inc. v. Martin* (9th Cir. 1994) 34 F.3d 834, 836, held in ERISA cases a cause of action for unjust enrichment cannot be plead.  This is based on the Courts cautioning against creating federal common law causes of action when a statutory scheme is present. (See also *Provident Life and Accident v. Cohen* (4th Cir. 2006) 423 F.3d 413, 425.) The Court held when there is a remedy under a statute, the Court should not step in and create a new federal common law cause of action.  (*Id.* at 423-424.)  The Court also in *Provident Life* rejected the federal common law cause of action for unjust enrichment.  (*Id.* at 426.)  (See also *Um Life Insurance Co v. Grourke* (N.D.P.A. 2005) 406 F.Supp.2d 524, 530-532.)

In the present case, Plaintiff has brought recovery under ERISA, specifically the first cause of action under the enforcement provision in ERISA found in 29 U.S.C. § 1132(a)(3).  As this is a specific statutory remedy, the Court should not look to federal common law to create a cause of action for unjust enrichment.  Pursuant to cited authority, cause of action number three should be dismissed.

1

## VI.

## PLAINTIFF'S SECOND CAUSE OF ACTION SHOULD BE STRICKEN

Plaintiff's second cause of action is for the imposition of a constructive trust. Should this cause of action survive the arguments advanced above, it should be stricken. A constructive trust is not a cause of action, it is a remedy. (See *P.C.O. Inc. v. Christianse, Miller, Fink, Jacobs, Glaser, Weil and Schapiro* (2007) 150 Cal.App.4th 384, 389; *Scholes v. African Enterprise* (N.D.I.L. 1993) 838 F.Supp. 349, 357 and *In Re: Brockway Pressed Metals* (W.D.P.A. 2007) 363 B.R. 431 [holding the Court should look to state law regarding constructive trusts].) Based on cited authority, this cause of action should be stricken or dismissed as it is a remedy, not a cause of action.

## VII.

## CONCLUSION

Plaintiff's complaint essentially advances three equitable theories for recovery. These include equitable restitution, imposition of a constructive trust, and for unjust enrichment. However, Defendant Hill has not received compensation for any bills allegedly paid for by Plaintiff. Pursuant to the complaint, paragraph 11, Defendant Hill is only required to reimburse Plaintiff if she actually receives funds compensating her for monies paid by the Trust. Defendant Hill's entire settlement proceeds was for pain and suffering and for lost wages, she did not received compensation for any medical bills. Therefore, pursuant to the make whole doctrine, Plaintiff is not entitled to any recovery.

Should the Court determine Plaintiff's causes of action are still viable, causes of action number 2 and 3 should be stricken or dismissed. Based on cited authority, cause of action number 2, for the imposition of a constructive trust, is not a cause of

action, it is a remedy.  Additionally, the Ninth Circuit has held a cause of action for unjust enrichment is invalid in cases surrounding ERISA.

Based on the foregoing, Defendant Hill respectively requests its motion to dismiss pursuant to Rule 12(b)(6) and/or motion to strike pursuant to Rule 12(f) be granted.


DATED:  December 21, 2007                    HALKIDES, MORGAN & KELLEY


                                             BY:___/s/ JOHN P. KELLEY_____
                                                  JOHN P. KELLEY
                                                  Attorney for Defendant
                                                  JEANNE L. HILL