1   Susan J. Olson, SBN 152467
    E-mail: susan.olson@bullivant.com
2   C. Todd Norris, SBN 181337
    E-mail: todd.norris@bullivant.com
3   BULLIVANT HOUSER BAILEY PC
    601 California Street, Suite 1800
4   San Francisco, California 94108-2823
    Telephone:    (415) 352-2700
5   Facsimile:    (415) 362-2701

6   Attorneys for Plaintiff the Board of Trustees
    for the Laborers Health and Welfare Trust
7   Fund For Northern California

8   John P. Kelley, SBN 168904
    E-mail: John@Reddinglaw.com
9   HALKIDES, MORGAN & KELLEY
    833 Mistletoe Lane
10  P.O. Box 492170
    Redding, California 96049-2170
11  Telephone:    (530) 221-8150
    Facsimile:    (530) 221-7963

12  Attorneys for Defendant Jeanne Hill

13

14                  UNITED STATES DISTRICT COURT

15                NORTHERN DISTRICT OF CALIFORNIA

16                       OAKLAND DIVISION

17
    The BOARD OF TRUSTEES for the          |  Case No.:  07-5849 CW
18  LABORERS HEALTH AND WELFARE            |
    TRUST FUND FOR NORTHERN                |  **JOINT CASE MANAGEMENT
19  CALIFORNIA,                            |  CONFERENCE STATEMENT**

20                    Plaintiff,           |
                                           |  Date:         March 18, 2008
21        v.                               |  Time:         2:00 p.m.
                                           |  Courtroom:  2
22  JEANNE L. HILL, an individual, and DOES 1-
    10, inclusive,
23
                      Defendants.
24

25        Pursuant to the Court's Order Setting Initial Case Management Conference and ADR

26  Deadlines, the Parties hereby submit the following Joint Case Management Conference

27  Statement:

28  / / /

                                    1

1    **1.    Jurisdiction And Service**

2    Jurisdiction, venue and personal jurisdiction are not disputed, and no parties remain to be

3    served. This court has original jurisdiction over the claims alleged herein under Title I of the

4    Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 et seq., and

5    more specifically, ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1). Plaintiff purports to bring the

6    action as a fiduciary under ERISA §502(a)(3)(B)(ii) to enforce the terms of an ERISA plan.

7    Venue lies in the Northern District of California pursuant to ERISA § 502(e)(2), 29 U.S.C. §

8    1132(e)(2) because the subject ERISA plan is administered in this district.

9    **2.    Facts**

10    This is a reimbursement action brought by plaintiff the Board of Trustees for the

11    Laborers Health and Welfare Trust Fund for Northern California (Trust Fund) on behalf of an

12    ERISA plan ("Plan") seeking reimbursement from defendant Jeanne Hill for medical services

13    provided to Ms. Hill, a plan participant, and paid for by the Trust Fund under the terms of the

14    Plan.

15    **Principal Factual Dispute:** The Trust Fund contends that under the reimbursement

16    provision of the Plan, the Trust Fund is entitled to be reimbursed for the medical expenses that it

17    was required to pay as a result of the negligence of Hill's doctor. The Plan contends that Hill

18    agreed that she would reimburse the Plan for such medical expenses out of any settlement

19    proceeds that she received from her doctor. Hill, on the other hand, contends that the settlement

20    funds she received were for injuries and damages other than her medical expenses and that, in

21    any event, she is not required to reimburse the Plan in any amount or on any basis.

22    The Plan originally sued defendant in state court, but on appeal, the California Court of

23    Appeal determined that the dispute was preempted by ERISA and that the state court lacked

24    subject matter jurisdiction. As a consequence, no decision on the merits was reached in the state

25    court action.

26    **3.    Legal Issues**

27    In granting in part, and denying in part, Hill's Motion to Dismiss, the Court ruled that

28    the Plan's reimbursement provision is sufficient to displace the make whole doctrine. Still, the

1    Court left open the possibility of a Motion for Summary Judgment on the applicability of the

2    make whole doctrine.

3        In addition, Hill contends that California Civil Code § 3333.1 (MICRA) bars the Trust

4    Fund's claim.  The Trust Fund disputes that contention.

5        **4.    Motions**

6        The Court previously granted in part and denied in part Hill's Motion to Dismiss.  The

7    court dismissed the Trust Fund's causes of action for "constructive trust" and "unjust

8    enrichment" and instead has construed the first cause of action, among other things, to seek a

9    constructive trust based on unjust enrichment.

10       The parties anticipate the possibility of cross-motions for summary judgment.

11       **5.    Amendment of Pleadings**

12       None anticipated.

13       **6.    Evidence Preservation**

14       No issues anticipated.

15       **7.    Disclosures**

16       To take place on April 1, 2008.

17       **8.    Discovery**

18       None to date in this case though some was performed in the prior related state court

19   action.  The parties anticipate minimal discovery in this case to be completed within 180 days.

20   There is no need for modification to the discovery rules.

21       **9.    Class Actions**

22       Not applicable.

23       **10.    Related Cases**

24       *Totten v. Hill* (2007) 154 Cal.App.4th 40.  That case involved the same dispute.  The

25   Court of Appeal determined that the Superior Court lacked subject matter jurisdiction and the

26   case was dismissed.

27   / / /

28   / / /

JOINT CASE MANAGEMENT CONFERENCE STATEMENT

**11.    Relief**

Plaintiff contends that it is entitled to restitution of $167,767 plus interest, profits, attorneys' fees and costs.

**12.    Settlement ADR**

Defendant contends that settlement is not an option because Hill has no resources to contribute to a settlement. The Trust Fund remains open to the possibility of a settlement negotiated in good faith, but absent any such settlement, contends that it will seek a judgment.

**13.    Consent to Magistrate For All Purposes**

The parties do not consent to a magistrate judge.

**14.    Other References**

The parties do not believe the case is suitable for other references.

**15.    Narrowing of Issues**

The parties may be able to reach agreement with respect to the authenticity of certain documents and the establishment of certain limited facts. However, the very limited facts and legal issues in dispute cannot be narrowed because each dispute is potentially dispositive of the entire case.

**16.    Expedited Schedule**

N/A

**17.    Scheduling**

The parties suggest a discovery cut-off date of October 1, 2008, expert disclosure to take place on October 3, 2008, a dispositive motion cut off date of January 9, 2009, and a trial date of April 6, 2009.

**18.    Trial**

Three day court trial.

**19.    Disclosure of Non-Party Interested Entities or Persons**

The parties have no such entities or persons to disclose.

/ / /

/ / /

4

1      **20.   Other Matters**

2      None.

3    DATED:  March 3, 2008

4                               BULLIVANT HOUSER BAILEY PC

6                               By _____

7                                  Susan J. Olson
                                 C. Todd Norris

8                                  Attorneys for Plaintiff the BOARD OF TRUSTEES For The LABORERS HEALTH AND WELFARE TRUST FUND FOR NORTHERN CALIFORNIA

12    DATED:  March 3, 2008

13                               HALKIDES, MORGAN & KELLEY

15                               By _____/S/_____

16                                 John P. Kelley
                                 Attorneys for Defendant Jeanne L. Hill

17                                  *****

18 6092725.1

JOINT CASE MANAGEMENT CONFERENCE STATEMENT